IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SETI JOHNSON and MARIE            )
BONHOMME-DICKS, on behalf of      )
themselves and all others         )
similarly situated, and SHAREE    )
SMOOT and NICHELLE YARBOROUGH,    )
on behalf of themselves and       )
those similarly situated,         )
                                  )
                Plaintiffs,       )        1:18-cv-00467
                                  )
        v.                        )
                                  )
WAYNE GOODWIN, in his official    )
capacity as Commissioner of       )
the North Carolina Division of    )
Motor Vehicles,                   )
                                  )
                Defendant.        )
```

## AMENDED FINAL ORDER AND JUDGMENT

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is the joint motion for final approval of class settlement. (Doc. 101.) Plaintiffs and Defendant Goodwin, through their respective counsel, entered into a Class Action Settlement Agreement ("the Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.[1]

On March 31, 2019, the court conditionally certified this action pursuant to Federal Rule of Civil Procedure 23(b)(2) as a

---

[1] With this court's approval, Plaintiffs' counsel has withdrawn from representing Plaintiff Sharee Smoot, who now proceeds pro se. See Doc. 83. The present motion was therefore sought on behalf of Plaintiffs Johnson, Bonhomme-Dicks, and Yarborough only, though this Final Order and Judgment will bind all Class Members.

non-opt out class action and certified the following classes:

The Revoked Class:

All individuals whose driver's licenses were revoked by the DMV on or after 30 May 2015, due to their failure to pay fines, penalties, or court costs assessed by a court for a traffic offense, and whose driver's licenses remain so revoked.

The Future Revocation Class:

All individuals whose driver's licenses will be revoked in the future by the DMV due to their failure to pay fines, penalties, or court costs assessed by a court for a traffic offense.

(Doc. 65 at 32.) For purposes of the Settlement and this order, these classes may also be referred to collectively as the Settlement Class.

The parties filed their joint Motion for Preliminary Approval of Class Action Settlement Agreement on July 7, 2021 (Doc. 88), accompanied by the Agreement (Doc. 88-2). On October 15, 2021, upon consideration of the parties' preliminary approval motion and the record, the court entered an order granting preliminary approval of settlement ("the preliminary approval order"). (Doc. 93.) Pursuant to the preliminary approval order, the court preliminarily approved the proposed settlement, set forth deadlines for mailing the Settlement Notice to class members and for class members to file objections, and set the date and time of the Fairness Hearing. (See id.)

On January 25, 2022, the parties filed their Motion for Final

2

Approval of Class Action Settlement (the "Final Approval Motion"). (Doc. 17.) On February 22, 2022, a Final Fairness Hearing was held in open court pursuant to Federal Rule of Civil Procedure 23 to determine whether this action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the court.

Class Counsel represents that they have received 233 emails or web communications from likely Class Members and none of those communications contained statements of opposition; the vast majority supported the requested relief. (Doc. 101-1 at 3-4; Doc. 101-2 at ¶¶ 17, 22-23.) These 233 communications are in light of the nearly 114,000 emails sent to likely class members. (Doc. 101-1 at 2-3.) Only two communications referenced anything that could be deemed an objection, and neither offered any argument or reasons. The court finds, therefore, there were no objections of substance received from any Class Member, and no such objectors appeared at the hearing.

On February 19, 2022, Plaintiffs filed a Notification of Settlement Objection by the North Carolina Administrative Office of the Courts ("AOC") (Doc. 109), which was amended on February 22, 2022 (Doc. 111). The AOC notified the parties of its concerns regarding the proposed notices to Class Members included in the

proposed settlement: that the notice implied that the state clerks of court had authority to conduct failure-to-pay hearings; that it implied that the state court would grant relief in all cases; that it would "significantly increase the number of calls to clerks' offices"; and that it comingles license revocation because of a class member's failure to appear with revocation because of a class member's failure to pay fines, fees, or costs. (Doc. 109-1.) The parties noted that it had sent the AOC the proposed notices in December 2020 and received proposed edits on January 4, 2021, which the Defendant incorporated and then negotiated with Plaintiffs.

The AOC's current objections are raised outside the objection period set forth in this court's preliminary approval of the settlement and are thus untimely. Interjection of opposing views from non-Class Members "should proceed via intervention under Rule 24" of the Federal Rules of Civil Procedure. Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989).

However, the court understands the concerns the AOC has raised about the impact this settlement may have on the North Carolina judiciary. The court therefore addressed the objections by the AOC in open court at the February 22 final approval hearing and took them under advisement. Having carefully considered the objections and the parties' responses, the court is persuaded (for the reasons below) that the current proposed notices are adequate and that the concerns of the AOC should not come to fruition. The

4

court will retain jurisdiction of the case in the event any of the AOC's concerns materialize, and the AOC can seek to intervene at a later time for purposes of seeking material changes to the notices should it feel the need to do so.

The AOC's primary concerns are as follows. Its first concern was that the notice's reference to the clerk of court might cause recipients to believe that the clerk, not the court, is the decisionmaker for relief. The notice directs individuals to North Carolina General Statute § 20-24.1(f), which makes clear that hearings will be before a court, not the clerk of court. The notice also elsewhere refers to a hearing by a judge, which negates any inference that the clerk of court is the decisionmaker.

Second, the AOC was concerned that the letter may imply that relief will be granted. However, the notice states that a judge "might" reduce the amount of fines, fees, or costs a Class Member owes, and therefore does not guarantee relief in all cases. (Doc. 88-2 at 54.)

The AOC's largest concern appears to be that the inclusion in the notice of contact information for the clerks of court for the recipient's home county will inundate the clerks' offices with phone calls. While that is possible, it is possible even without the reference in the notice. This risk is reduced because the notice also includes a website address as a source for more information. Moreover, it is doubtful that all, indeed even a

5

substantial number of, Class Members will contact the clerk's office upon receipt of the notice for a variety of reasons including their having moved, a lack of need, and a preference for the website. Again, however, to the extent any of the AOC's concerns or any additional issues arise after the notice is distributed, this court retains jurisdiction to modify the notice, and the AOC may more formally address its concerns at a later date.

The parties have requested final certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the proposed class action settlement. (Doc. 101.) The court has read and considered the Agreement, Final Approval Motion, and the record, and hereby incorporates the definitions set forth in the Agreement. For the reasons noted,[2]

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

The court has jurisdiction over the subject matter of this action and over all settling parties hereto.

CLASS MEMBERS. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this action is hereby finally certified as a class action on behalf of:

The Revoked Class:

All individuals whose driver's licenses were revoked by the DMV on or after 30 May 2015, due to their failure to pay

---

[2] Additionally, the court conditionally certified this action pursuant to Federal Rule of Civil Procedure 23(b)(2). Rule 23(b)(2) does not provide opt-out rights to class members. See Berry v. Schulman, 807 F.3d 600, 609 (4th Cir. 2015). Accordingly, Class Members could only object to the proposed settlement and not request exclusion.

6

fines, penalties, or court costs assessed by a court for a traffic offense, and whose driver's licenses remain so revoked.

The Future Revocation Class:

All individuals whose driver's licenses will be revoked in the future by the DMV due to their failure to pay fines, penalties, or court costs assessed by a court for a traffic offense.

CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT. Pursuant to Rule 23, the court finally certifies Plaintiffs Seti Johnson and Marie Bonhomme-Dicks as Future Revocation Class Representatives and Nichelle Yarborough as Revoked Class Representative (collectively "Class Representatives"), and Alexandra Marie Jordan, Kirsten Anderson, and Miriam Fisher Gutman, of the Southern Poverty Law Center; Michele Delgado, Irena Como, and Kristi L. Graunke, of the North Carolina ACLU; Amreeta Mathai and Nusrat Choudhury of the national ACLU; and Ivy Johnson and Jeffery Loperfido of the Southern Coalition for Social Justice as class counsel for the Settlement Class.

NOTICES AND CLAIM FORMS. Notice was mailed to each of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable as it was "reasonably calculated, under all the circumstances, to apprise [absent class members] of the pendency of the action and afford them an opportunity to present

7

their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). The court finds that the notice has properly advised the Class Members of their rights.

FINAL CLASS CERTIFICATION. The court finds that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely: the Class Members are so numerous that joinder of all of them in this lawsuit is impracticable; there are questions of law and fact common to the Class Members, which predominate over any individual questions; the claims of Plaintiffs are typical of the claims of the Class Members; Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and the issues common to the Class predominate over issues affecting individual Class Members. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

Rule 23 requires courts to find that class settlements are "fair, reasonable, and adequate" before approving them. Fed. R. Civ. P. 23(e)(2). The court must consider "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any

8

Case 1:18-cv-00467-TDS-LPA   Document 114   Filed 03/07/22   Page 8 of 13

proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified." Id. at 23(e)(2)(C). The Fourth Circuit has also identified five other factors to consider when evaluating a settlement's adequacy: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant[] and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig., 952 F.3d 471, 484 (4th Cir. 2020).

The court confirms its previous finding that, having considered the terms of the Settlement Agreement in light of (1) the issues presented by the pleadings; (2) the record in this case; (3) the complexity of the proceedings; (4) the defenses and arguments asserted by Defendant; (5) the risks to the members of the Settlement Class that Defendant would successfully defend against claims arising out of the facts and legal theories pleaded and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; and (6) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement

9

Class, to obtain a final judgment through one or more trials and/or appeals, the Settlement appears fair, reasonable, and adequate. In terms of fairness, the seemingly nominal settlement benefits are fair in light of the strength of Defendant's arguments, particularly as set out in this court's prior opinion. (Doc. 65 at 19 (noting that the potential weakness of Plaintiffs' claims was not reached due to the Defendant's failure to present any merits argument in response to Plaintiffs' procedural due process claims).) The Settlement Agreement and benefits offered by the Defendant to the Plaintiffs, considering the strength of Defendant's substantive arguments, are thus fair. As to adequacy, while Plaintiffs have yet to demonstrate a likelihood that the statute providing for the revocation of driver's licenses, N.C. Gen. Stat. § 20-24.1(a)(2), is unconstitutional, the increased notice provisions included in the Settlement seek to provide additional procedural due process safeguards. Moreover, the Parties have reached the Settlement after more than three years of litigation and after engaging in arms-length settlement negotiations with the assistance of a mediator. For these reasons, the Settlement falls within the appropriate range of possible approval and does not in any way appear to be the product of collusion.

As discussed earlier in the court's preliminary approval Order (Doc. 93 at 5-7), the court finds that the settlement of

10

this action, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength and or weakness of the alleged claims; the strength of Defendant's alleged defenses; the stage of the proceedings; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the opinion of counsel; and the lack of any opposition to the settlement itself. While the settlement does not provide for any change in law, it has provided for additional notice provisions to Class Members who may wish to see relief.

CLASS SETTLEMENT. The Agreement, which is on file in this case (Doc. 88-2), shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally APPROVED and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this court. The material terms of the Settlement include, but are not limited to, the following: Defendant shall terminate its use and issuance of DMV notice form LDLSSUS00300, shall begin issuing the Revised Official Revocation Notice, shall issue a Special Revocation Notice to members of the Revoked Class, shall provide a blank copy of the Motion for Relief AOC-CR-415 form to Class Members upon their request, and shall help fund the creation and

11

maintenance of a new Help and Resources website containing information and materials focused on assisting Class Members with resolving driver's license suspensions as a result of failure to pay a fee or fine.

OBJECTIONS AND EXCLUSIONS. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member offered an objection of substance to the settlement. This Order is binding on all Class Members.

RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The individual and class releases set forth in the Agreement are hereby APPROVED. Pursuant to the release contained in the Agreement, the claims described therein are COMPROMISED, SETTLED, RELEASED, DISCHARGED, and DISMISSED WITH PREJUDICE by virtue of these proceedings and this Order. This Action is hereby DISMISSED WITH PREJUDICE as to all other issues and as to all parties and claims. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by the Defendant of any liability or wrongdoing in this or in any other proceeding.

Especially in light of the concerns raised by the Administrative Office of the North Carolina Courts, the court retains continuing and exclusive jurisdiction over the parties and all matters relating to this lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

12

The parties shall take all actions necessary to dismiss the related appeal of this case.

                                    /s/   Thomas D. Schroeder
                                    United States District Judge

March 7, 2022