

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### No. 1:18-cv-467

Johnson, et al.,                )
    Plaintiffs               )          BRIEF IN SUPPORT OF
v.                              )          FRCP 60(b)(4) | 60(b)(6)
                            )          MOTION
Goodwin,                        )
    Defendant                )

## WHAT IS BEFORE THE COURT

The class definitions as worded as certified by this court <u>include</u> as class members those like myself against whom the the NC DMV has been unlawfully enforcing N.C.G.S. § 20-24.1, contrary to N.C.G.S. 20-4.24 and contrary to N.C.G.S. § 20-16. There were <u>many</u> opportunities to explicitly <u>exclude</u> from the class definitions those against whom NC DMV enforced N.C.G.S. § 20-24.1 on reports of out-of-state FTP yet <u>no such exclusions were made</u>, thereby <u>in</u>cluding them. The plain meaning as worded is <u>inclusive</u>. After all, when was a chance provided to any to object to the certified class definitions interpretation?

The judge chose "the best notice that is practicable"[1] noticing requirements for this case. The case is objection only, no opt-out making rights - the right to appear and the right to object - all the more important. So, 'What is before the court' is whether the court acted in a manner inconsistent with due process of law in

---

1  See "best notice that is practicable" Prelim. Approval Order Doc. 93 at 7 ¶ 10, Amend. Final Order and Judgment Doc. 114 at 7 & 8.

Case 1:18-cv-00467-TDS-LPA   Document 137   Filed 12/27/23   Page 1 of 25

approving the <u>content</u> of the notice, whether the court acted in a manner

inconsistent with due process of law in approving the <u>distribution</u> of the notice,

and whether the court acted in a manner inconsistent with due process of law

that deprived class members of the opportunity to be heard[2] (at least).

FACTS

1. The judge approved this case as a Fed. Rule Civ. P. 23(b)(3) case.

   Amd. Final Order and Judgment Doc. 114 at 6

2. The noticing the judge chose for this case was "the best notice that is

   practicable" Prelim. Approval Order Doc. 93 at 7 ¶ 10, Amend. Final Order

   and Judgment Doc. 114 at 7 & 8.

3. Class members (aside from named plaintiffs) were not served a copy of

   orders in this case affecting them including Prelim. Approval Order Doc. 93.

4. Class members were not served a notice of hearing much like Docs. 60 & 90

   for the 2/22/22 so called "fairness" or final hearing in this case though one

   class member Doc. 101-2 at 60 # 197 on 11/19/21 and one potential class

   member Doc. 101-2 at 61 # 199 on 12/14/21 timely requested in writing case

---

2 "An order is 'void' for purposes of Rule 60(b)(4) only if <u>the</u> <u>court</u> rendering the decision ... or <u>acted</u> <u>in</u> <u>a</u> <u>manner</u> <u>inconsistent</u> <u>with</u> <u>due</u> <u>process</u> <u>of</u> <u>law</u>. *See Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999)." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) (emphasis added)

2

updates months in advance of the hearing. It does not appear from the record that their requests were met.

5. The U.S. Supreme Court case *Schroeder* describes "best notice that is practicable" (what the judge chose for this case) as mail that uses 'post-office addresses' to get the notice to the intended recipient:

> "Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons <u>disappear</u> for resort to means less likely than the mails to apprise them of its pendency." when quoting *Mullane*.
> *Schroeder v. City of New York*, 371 U.S. 208, 212-213 (1962) (emphasis added)[3]

6. Both sides' attorneys and defendant demonstrated that they had postal mailing addresses "at hand"[4] because (notwithstanding the point that NC DMV allready sent suspension notices out to people that made them class members) they 'jointly' showed that they planned to use the mails - but <u>only</u> for the 'acting out of the settlement agreement' stage of the case (distributing suspension notices with changed wording) - NOT for the all-important 'notice of the firm objection deadline' phase. It was all in the <u>same</u> proposed 'plan' to the judge submitted as Doc. 88 <u>and</u> its associated filings: Docs. 88-1, 88-2, and 88-3.

7. This case's judge <u>approved</u>

---

3  poof
4  See "will issue .. to .. last known mailing address" Doc. 88-2 at 6 ¶ i and Doc. 88-2 at 8 ¶ i.

"IT IS THEREFORE ORDERED as follows: 1. The form and content of the proposed Emailed Notice and Website Notice are approved."
Prelim. Approval Order Doc. 93 at 8

personal notice of the proposed notice of the objection deadline and the final

hearing Doc. 88-3 (the "may" and "should" notice) to only a <u>subset</u>[5] NC DOJ

Attorney Decl. Doc. 101-3 at 2 of all class members by only electronic and <u>not</u>

post-office mail.

8.  Fed. Rule Civ. P. 23(e)(1)(B) shows "<u>all</u> class members" (emphasis added).

9.  The "may" and "should" notice Doc. 88-3 at 3 shows,

> "You <u>may</u> comment on <u>or</u> object .."

(emphasis added), giving the same import to "comment" and "object" in this

the first notice to class members over three years into this no opt-out |

objection-only case. That line is the <u>only</u> use of the word "object" in the notice

that the recipient would see. In that line, "comment" and "object" are

---

5   By 31 May 2018, one day after the case was filed on 30 May 2018, The Revoked Class class member count, 62,788 - <u>alone</u> - exceeded 56,177, the <u>total</u> number of emails attempted before the extended "may" and "should" notice sending deadline of 22 Nov. 2021 Doc. 95. You know class members don't receive notice especially when you don't attempt to send it and you also know when the sending is blocked or "bounced". The all-important notice (the "may" and "should" notice that was required to be a "must" notice) <u>knowingly</u> did <u>not</u> go out to <u>all</u> class members Fed. Rule Civ. P. 23(e)(1)(B) "<u>all</u> class members" (emphasis added).
NC DOJ Attorney Decl. Doc. 101-3 ¶ 5:  "For the 19 November 2021 mass e-mail project, Defendant sent 56,177 e-mails. 45,990 e-mails were accepted by the recipients. 9,176 e-mails were bounced by the recipients' servers. 1,011 e-mails were blocked by the recipients."
NC DOT Adv. Analyst Aff. Doc. 62 ¶ 6:  "Since 1 June 2015 to 31 May 2018, 62,788 NCDMV customers have not paid their court mandated fines and costs, and their driver's license is revoked for failure to pay fines and costs mandated by the court."
*Jones v. Flowers*, 547 U.S. 220, 230 (2006) knowledge notice was ineffective triggered obligation

separated with an "or" which may have the effect of lulling one to <u>not</u>

elaborate <u>on</u> <u>an</u> <u>objection</u>.

10. This case's judge knows and uses the distinction between "may" and "must"

<u>in</u> <u>this</u> <u>case's</u> <u>record</u>:

> Mot. Hr'g Tr. Doc. 76 at 54
>> 17 THE COURT: Let me ask this. The statutory scheme
>> 18 seems to provide for an exception for indigency. Do you agree
>> 19 with that?
>> 20 MR. DALTON: I do, with the discretion of the Court,
>> 21 however. It appears --
>> 22 THE COURT: Well, it's not actually discretion. As I
>> 23 read it, it's mandatory if the Court is persuaded that there is
>> 24 indigency. Is that accurate?
>> 25 MR. DALTON: I believe it is.
> Mot. Hr'g Tr. Doc. 76 at 55 (emphasis added)
>> 1 THE COURT: So it's <u>not</u> a may, <u>it's</u> <u>a</u> <u>must</u>, but only
>> 2 upon the trial judge ...

11. The "may" and "should" notice does not warn that what is submitted will be

filed into the case record. Communications between class members and class

members' attorneys may be privileged.[6]

---

6 Rules of Professional Conduct of the North Carolina State Bar
27 N.C.A.C. 02 Rule 0.1 Preamble: A Lawyer's Professional Responsibilities
(b) ".. As advisor, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications. .."
(d) In all professional functions a lawyer should be competent, prompt, and diligent. A lawyer should maintain communication with a client concerning the representation. A lawyer should keep in confidence information relating to representation of a client except so far .."
27 N.C.A.C. 02 Rule 1.06 Confidentiality of Information
(a) "A lawyer shall not reveal information acquired during the professional relationship with a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."

5

12. A little further down the "may" and "should" notice Doc. 88-3 at 3 shows,

    "You should submit your comments before [*Date*] .."

    (emphasis added) -- NOT "your objections" - no mention of "objections" there.

13. There is only one "must" in the entire preliminary approval order Doc. 93.

14. The Doc. 93 Prelim. App. Order at 10 shows,

    "6. Members of the Settlement Class who wish to object must submit their objection through email or regular mail, as directed in the Notices, no later than the deadline set out at the end of this Order." (emphasis added)

15. The Prelim. Approval Order Doc. 93 at 11 ¶ 7 shows,

    "All properly submitted objections shall be considered by the court. Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, or to the fairness, adequacy or reasonableness of the Settlement."

    yet "the manner provided above" further up in the same ¶ 7 is not shared

    with class members in the "may" and "should" notice which the judge

    proceeded to approve anyway. Compare Docs. 93 and 88-3.

16. The "may" and "should" notice does not inform that class members need to

    elaborate or do anything more than communicate that they object.

17. Recipients of the judge-approved "may" and "should" notice may have

    objected as much as the notice informed them they needed to object:

    "I would like to make an objection" Doc. 101-2 at 61 # 201

6

18. The Doc. 93 Prelim. App. Order at 10 shows, "7. Any interested class member may appear at the Fairness Hearing .." (emphasis added)

19. The "may" and "should" notice does not mention that class members may appear and/or how Doc. 88-3.

20. A person communicated that they wanted to attend. In the column labeled "Objection" is shown:

    "I ... would be grateful to attend as a class member I will appear in court". Responses Doc. 101-2 at 60 # 196

21. The Amd. Final Order and Judgment Doc. 114 at 3 shows,

    "Only two communications referenced anything that could be deemed an objection, and neither offered any argument or reasons. The court finds, therefore, there were no objections of substance received from any Class Member, and no such objectors appeared at the hearing."

22. The "may" and "should" notice does not inform that class members' counsel will determine if they deem an objection "substantive" to then communicate their impression of it to the judge.[7] Class Member Counsel Decl. Doc. 101-2 ¶ 22 "none contained substantive representations of opposition to the proposed settlement", Class Member Counsel Decl. Doc. 101-2 ¶ 23 "Counsel for the

---

7   Rules of Professional Conduct of the North Carolina State Bar
    27 N.C.A.C. 02 Rule 0.1 Preamble: A Lawyer's Professional Responsibilities
    (b) ".. As advocate, a lawyer zealously asserts the client's position under the rules of the
    adversary system."

parties did not consider these emails to be opposition to the proposed settlement."

23. That class members' attorneys had <u>already</u> teamed with the other side and were filing jointly <u>Joint</u> Motion for Prelim. Approval Doc. 88 <u>before</u>[8] class members had a chance to challenge appointment of class counsel, their representation, appears to be a conflict of interest.[9] For class members' counsel to be the bearer of opposition-to-their-position news to the court appears to be a another conflict of interest Class Member Counsel Decl. Doc. 101-2.

24. Class members' counsel faults respondents, "but provided no further information" Class Member Counsel Decl. Doc. 101-2 ¶ 23.

25. No furtherance of any class member objection made it into the final order:

> "OBJECTIONS AND EXCLUSIONS.   The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member offered an objection of substance to the settlement. This Order is binding on all Class Members." Amd. Final Order and Judgment Doc. 114 at 12

---

8   Isn't there a "knowing" that has to happen that a client has to "know" they are in a client-attorney relationship? It would make more sense for class members to be noticed about and take part in having a say on their own representation, even having a say in whether it is alright with them for the attorneys to put their information in the public record. Respondents may have thought their communications privileged. Can not they dismiss their attorneys if they wish?

9   Class members ought to have due process notice and know about a case with meaningful opportunity to participate before the "arm's length" distance actually disappears. Fed. Rule Civ. P. 23(e)(2)(B) reference

26. *Mullane* at 313 shows,

"provided its procedure accords <u>full</u> <u>opportunity</u> <u>to</u> <u>appear</u> <u>and</u> <u>be</u> <u>heard</u>. Quite different from the question of a state's power to discharge trustees is that of the opportunity it must give beneficiaries to contest." (emph. +)

27. *Mullane* at 319 shows,

".. under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand."

28. NC DMV (at least) has the names and post-office addresses of those affected

   by this case 'at hand'[10] Doc. 121-2 at 1.

29. Notice is to go out "to <u>all</u> class members" Fed. Rule Civ. P. 23(e)(1)(B)

   (emphasis added).

30. The following is a false statement found in the text of the Amended Final

   Order and Judgment in the "NOTICES AND CLAIM FORMS" section,

   Amd. Final Order and Judgment Doc. 114 at 7:

   "Notice was mailed to each of the Class Members."

31. The same judge approved <u>email</u> <u>notice</u> <u>only</u> Prelim. Approval Order Doc. 93 at

   8 and ordered it attempted to <u>only</u> a <u>known</u> subset of class members:

   "IT IS THEREFORE ORDERED as follows: ...
   2. As soon as practicable, but no later than thirty (30) days after entry of this Order, the Defendant shall email the Emailed Notice to each Settlement Class Member <u>for</u> <u>whom</u> <u>it</u> <u>has</u> <u>an</u> <u>email</u> <u>address</u>." Doc. 93 at 8 & 9 (emphasis added)

---

10  See "at hand" that *Schroeder* mentions when quoting *Mullane* at 318 - shown in fact # 5.

32. Notice <u>intentionally</u> did <u>not</u> go out "to <u>all</u> class members" Fed. Rule Civ. P.

  23(e)(1)(B) (emphasis added).

33. Personal notice intentionally was <u>proposed</u> <u>NOT</u> to go out to all class

  members:

  "Defendant will send the Rule 23 notice of the proposed settlement to all
  viable current and former customer email addresses that the DMV possesses
  or can otherwise access." Joint Br. i/s/o Joint Mo. Prelim App. Doc. 88-1 at 20

34. Case attorneys made this claim:

  "The parties' proposed plan for Rule 23 notice <u>provides</u> <u>effective</u> <u>notice</u> and
  opportunity to comment to class members prior to approval, while making
  class members aware of the benefits that will be provided by the settlement
  once it is finally approved." Joint Br. i/s/o Jt. Mo. Prelim. App. Doc. 88-1 at 20
  (emphasis added)

35. Class members' counsel describes class members' need for notice as:

  Mot. Hr'g Tr. Doc. 76 at 20
  "18  THE COURT: Aren't they deemed to be -- aren't all of
  19  us deemed to be aware of what the law is? The Supreme Court
  20  has said as much, has it not?
  21  MR. BROOKE: Not **when a notice goes out that informs**
  22  **people that does not completely inform them and, thus, leaves**
  23  **them in a position to rely on the notice and assume that the**
  24  **notice is correct**.
  25  When that notice goes out that tells individuals --"
  (emphasis added)

36. Class members are to be <u>accurately</u> notified of their legal rights -- according

  to plaintiffs' | class members' <u>own</u> <u>attorneys</u>:

  "Notice must be reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action; to <u>accurately</u> <u>describe</u> <u>legal</u> <u>rights</u> <u>and</u> <u>options</u> <u>available</u> to the parties; and to afford them an opportunity to present their objections." (emphasis added)
Amd. Compl. Doc. 35 at 37 ¶ 147[11]

They embed "to accurately describe legal rights and options available to the parties; and to" <u>within</u> *Mullane* 314 language.

37. The "may" and "should" notice ought to have effectively informed there were more rights at hand including to contest the appointment of class attorneys, to challenge the effectiveness of their representation, to challenge the class definitions, the lack of defendants named, to challenge the rational basis decision, to challenge the sufficiency of the notice of the case at what stage of the case (compare the publicity campaign fanfare at the end Doc. 88-2 at 62-70 that was approved to the "may" and "should" notice of the firm objection deadline), right to a copy of the case documents, right to be updated on case filings especially after they ask, the right to effective assistance of counsel when you are represented:

"THE COURT:     She's got the benefit of counsel.
               Did <u>you</u> do <u>anything</u> to follow up on that?
MR. BROOKE:    <u>No</u>, Your Honor, we have --
THE COURT:     Why not? .." (emphasis added)
               Mot. Hr'g Tr. Doc. 76 at 36-37 24:2

---

11  I wrongly thought this was a quote from or about *Mullane* (it isn't) and listed it that way <u>in</u> <u>error</u> in the Rule 59 motion Doc. 128.

the right to appear in a public hearing that is supposed to determine the 'fairness' of this case. Objection # 196: "I ... would be grateful to attend as a class member I will appear in court" Doc. 101-2 at 60.

38. 27 N.C.A.C. 02 Rule 1.3 Diligence
"A lawyer shall act with reasonable diligence and promptness in representing a client.                          Comment
[1] A lawyer should pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer, and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer <u>must</u> also <u>act</u> <u>with</u> commitment and <u>dedication</u> <u>to</u> <u>the</u> <u>interests</u> <u>of</u> <u>the</u> <u>client</u> and with <u>zeal</u> in advocacy upon the client's behalf." (emph. +)

39. A "Frankenstein monster posing as a class action" *Eisen v. Carlisle & Jacquelin*, 417 US 156, 169 (1974) quoting *Eisen II*, 391 F. 2d, at 572 may well describe <u>this</u> case also.

40. Classes/class members are determined by the certified class definitions in this case: Mem. Op. and Order Doc. 65 at 32 & 54-55, Prelim. App. Order Doc. 93 at 2-3 & 6-7, Final Order and Judgment Doc. 113 at 6-7, Amd. Final Order and Judgment Doc. 114 at 6-7.

41. The certified class definitions do not distinguish between failure to pay fines/penalties/costs ordered by a North Carolina court <u>or</u> by an out-of-state court.

42. There was plenty of time to alter the class definitions to <u>exclude</u> out-of-state courts <u>yet</u> <u>no</u> <u>such</u> <u>exclusion</u> <u>was</u> <u>made</u> - even when certified.

12

43. Plaintiffs' attorney made no such proposal to limit to in-state FTP:

> "MS. EARLY: Yes, Your Honor, we're asking the Court to certify two classes, one class of individuals whose licenses have been revoked pursuant to Section 20-24.1 for nonpayment, and then another class of individuals whose licenses will in the future be revoked for nonpayment pursuant to 20-24.1. The ability to pay factor is not part of our class definition."
> Class Cert. Mot. Hr'g Tr. (Doc. 76) at 45-46

44. Plaintiffs' attorney described what this case is about in the following way, not limiting to in-state FTP:

> "... challenging the State of North Carolina's system to revoke driver's licenses for non-payment of fines, penalties, and costs under N.C. Gen. Stat. § 20-24.1, as well as the North Carolina Division of Motor Vehicles' enforcement of that system, under the Fourteenth Amendment of the U.S. Constitution, ..."
> Pls.' Resp. to Rule 60 Mot. (Doc. 122) ¶ 1

45. This case's judge appointed class counsel and in that appointing is to have considered "the work counsel has done in identifying or investigating potential claims in the action". Fed. Rule Civ. P. 23(g)(1)(A)(i)

46. Joint counsel were bold enough to urge approval based on their having 'experience' with this heading:

> "Counsel's [sic] experience supports a finding of fairness."
> Joint Br. i/s/o Prelim. App. Doc. 88-1 at 11

47. Class members did not appear to know they were forced to be in the case and could not opt out: Responses Doc. 101-2 ## 183, 192, 197, 207/208. 212, 218, 221, 223, 224, 225, 226, 227, 230, 231.

48. The "may" and "should" notice did not inform at all that class members could not opt out, that they could appear,[12] and it did not provide instructions on how they could fairly appear.

49. It is my opinion that class members would not wish for such deficient notice of their rights and would not be interested in being represented by counsel that would comtemplate - much less act out - submitting such a deficient proposed notice Doc. 88-3 as the "may" and "should" notice for approval.

50. If class members knew that appointed counsel did not help named plaintiff Mot. Hr'g Tr. Doc. 76 at 36-37 line 21 through line 7 when the state court judge did not seem to be apprised of the law Decl. Doc. 40 ¶ 8, Mot. Hr'g Tr. Doc. 76 at 36 lines 2-5, Mot. Hr'g Tr. Doc. 76 at 36 lines 16-20 many if not all would not want counsel to be appointed.

```
"THE COURT:    She's got the benefit of counsel.
               Did you do anything to follow up on that?
MR. BROOKE:    No, Your Honor, we have --
THE COURT:     Why not? .." (emphasis added)
               Mot. Hr'g Tr. Doc. 76 at 36-37 24:2
```

---

12  ".. Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (C.A.1 1990); Moore's § 60.44[1][a]; 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2862, p. 331 (2d ed.1995 and Supp.2009); cf. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 171-172, 59 S.Ct. 134, 83 L.Ed. 104 (1938)." -- *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (emph. +)

51. If class members were provided with notice that instructed them to carefully read the entire proposed settlement agreement and if they opposed _any_ part of it to report that they object _along_ _with_ what they specifically object to because if they do not appear in court to explain, their written objection has to stand for them,[13] and if that notice also gave an example like, "For example, carefully read Doc. 88-2 at 22, number 20 'will be sent in writing via email and by mail, via commercial overnight delivery service..' Do you think it is fair to have to email _and_ incur the costs of overnight delivery service to provide notice (especially when case attorneys did not attempt to send you notice of the objection deadline to _all_ class members via their last post-office mailing address)?" If a 100% response was received from class members, it is likely that the majority would (a) object to the settlement agreement, and (b) object to representation by class counsel.

52. Some relief/exuberance is expressed in the responses Responses Doc. 101-2 because they appeared to believe this case settlement would accomplish the task of getting their licenses back in good stead, not merely inform them how

---

13 That is _if_ their attorneys present it fairly for them. So they need also to know that they can file directly with court to make sure their objection - as intended - _without_ an attorney with an opposite position's spin on it - gets presented to this case's judge. The question is whether anyone objected consistent with the "may" and "should" notice the judge approved NOT whether attorneys with an opposing position consider the submission "substantive". If class members knew the settlement told them what _they_ could try to do to get their license problem fixed instead of _it_ accomplishing fixing their license problems directly, they would very likely object.

- in theory - they could ultimately get their own license back. Look at # 5 at 10 for example. They just had to look up section 20-24.1 to see their supposed 'opportunity' was already in place. # 15 at 13 sounds like she expects this case to get it done for her.

53. I am a class member in this case Doc. 126.

54. It is clear by the wording in the certified class definitions that I am a class member in this case.

55. Individuals with out-of-state FTP against whom NC DMV enforced section 20-24.1 were included 30 May 2018 at case beginning Doc. 1 ¶¶ 75 &76, included in the 11-12 March 2019 tally NC DOT Adv. Analyst. Aff. Doc. 62 ¶¶ 2-6, excluded on 19 November 2020 in issuing notice that was supposed to inform all Fed. Rule Civ. P. 23(e)(1)(B) class members of the objection deadline NC DOJ Attorney Decl. Doc. 101-2 at 2 ¶¶ 4 & 5, and included back on the NC DMV website on the final settlement webpage:

www.ncdot.gov/dmv/license-id/driver-licenses/Pages/settlement-suspended-driver-license-non-payment.aspx

See the words, "or in another state" in the language used on the official NC DMV website (emphasis is added):

"The N.C. Division of Motor Vehicles **will** be contacting **by mail** and email more than 185,000 drivers whose licenses were revoked for their failure to pay fines, penalties, and court costs. When the NCDMV receives notification that you failed to appear in court or pay court fines for a citation received in

North Carolina <u>or</u> in <u>another</u> <u>state</u>, you <u>will</u> be notified of the effective date of revocation if the fines are not paid or waived prior to the date indicated on the correspondence. The revocation will remain in effect until NCDMV is notified by the court that the citation or fine has been paid or waived, and may result in you having to pay <u>appropriate</u> fees to the NCDMV to obtain a duplicate license. ..."

56. The emphasized language from the official NC DMV website detailed directly above shows NC DMV admittedly has enforced N.C.G.S. § 20-24.1 against those with out-of-state FTP.

57. NC DMV was required by N.C.G.S. 20-4.24 to apply N.C.G.S. § 20-16 to those out-of-state FTP cases (like mine), not N.C.G.S. § 20-24.1.

## <u>QUESTIONS PRESENTED</u>

When class members were due first notice of this case.

Whether class members' right to equal protection was violated when personal notice of the objection deadline was not attempted on them.

Whether the court acted in a manner inconsistent with due process of law in approving the <u>content</u> of the notice.

Whether the court acted in a manner inconsistent with due process of law in approving the <u>distribution</u> of the notice.

Whether the court acted in a manner inconsistent with due process of law that deprived class members (at least) of the opportunity to be heard.

Whether there is conflict of interest.

Whether the attorneys constructively showed up for the class members.

17

## ARGUMENT

\*\* All facts are to be considered applicable to these arguments. \*\*

### When class members were due first notice of this case?

I think the 11 February 2019-filed Doc. 60 Notice of 3 March 2019 Hearing would have been a great time to notify the proposed classes and invite their participation in the proceeding in writing or in person - even in a town hall meeting-like atmosphere, a conference call where class members can hear each other and each other's concerns (some may have trouble attending in person due to case-related transportation problems and unexpired ID to gain entry into the federal courthouse problems). In that potential 11 February 2019 notice to class members-to-be, information about how to access each of the case documents free of charge could be provided and how they can receive notice of each filing and get electronic service of the documents; a way for them to file electronically clerk-assisted; and informing them that they can download the local rules, the federal rules. a pro se guide; maybe also a note to them to gather their supporting documents, records that can show how this has affected them with redacted information. Instead it was not until 19 November 2021 (the emailing deadline was extended closer to the objection deadline which was not also extended) that

class notice was attempted. Class members should be notified <u>before</u> the sides team together formally on the record.

### Whether class members' right to equal protection was violated when personal notice of the objection deadline was not attempted on them.

I showed in facts ## 7 & 30-36 that the judge-approved "may" and "should" notice was <u>proposed</u> to only <u>some</u> class members, then approved, then issued - to <u>only</u> some class members, which is <u>not</u> equal to all. FRCP requires notice to all class members so <u>not</u> <u>even</u> <u>attempting</u> notice to some violates U.S. constitutional rights including equal protection. Who protected the unnoticed?

### Whether the court acted in a manner inconsistent with due process of law in approving the <u>content</u> of the notice.

The "may" and "should" notice was required to be a "must" notice facts ## 9-14. Twenty attorneys have been in the case on the one side with additional ones on the other. Jointly they claimed it "effective" fact # 34. How many does it take to cause the notice to fairly communicate the information in Doc. 93 to class members? In my view, one competent one. If one attorney needs 19 other attorneys to handle a case, is that one attorney really needed? Shocking as it is that Doc. 88-3 was even proposed, it is FRCP 60(b)(4)-worthy that the judge who knows the difference between may and must fact # 10 and had the proposed notice there as Doc. 93 was being made to see how well they corresponded - just

19

went ahead and approved it fact # 7. That notice does not meet the attorneys' own description of what is fair notice facts ## 35 & 36. What all could be objected to including the representation and objecting to the very notice itself was not made clear. Responses demonstrate people did not understand fact # 47. It was written in a casual tone and the message from the Doc. 93 order it was to convey did not make it to the FRCP-required audience. Recipients of the judge-approved "may" and "should" notice may have objected <u>as much as the notice informed them they needed to</u> object fact # 14. The classes at large <u>did not yet know</u> about the case and were wholly dependent on the judge to ensure fairness to them. Instead of rightly putting a stop to the due process-deficient proposed may | should notice, the judge with many years' experience simply approved it fact # 7. <u>Now</u> is the time to make it right.

Now it may be time to notice people of this case's 'renewal' - what is the best way to do that considering the last 'wave' of notice included a press release and publicity campaign? This round of noticing should include publicity that is fair and personal notice by U.S. mail at only the last known mailing address with the post office endorsement properly placed on each envelope that causes mail to be forwarded and changed address information[14] to be returned for a *Jones v.*

---

14  know that some changes can be non-permanent

*Flowers*-worthy[15] retry. The query parameters run on the NC DMV data need to be <u>agreed</u> <u>upon</u> <u>by</u> <u>those</u> <u>it</u> <u>affects</u>. Because it is a fact the attorneys urge approval based on their "experience" fact # 46 - courts with further cases filed in which the attorneys or their organizations have cited <u>this</u> case as demonstration of <u>satisfactory</u> experience (as they do with in this case with others Doc. 6 ¶¶ 11-21) - <u>those</u> courts need to be notified because "satisfactory" experience would include proposing due process-sufficient and *Mullane*-sufficient notice to class members. That none of those attorneys managed to cause "must object by .." to be featured in the notice of objection deadline they were tasked in delivering to all class members is nothing for which they should gain further (rubber-stamped) approval in any jurisdiction. Whenever they cite a case as experience they should also be made to disclose that they were one in how many other attorneys were counted on their side to appropriately dilute any deference they automatically be offered. There have been enough of their attorneys in this case to meet the numerosity requirement for a class. How well did these attorneys inform class members in the cases cited as their experience? - THAT'S the question to ask and what a judge in a subsequent case needs to know. Class members' attorneys here have violated the (unwitting) trust of class members and the duty to keep them properly informed.

---

15  agreed upon and approved beforehand

## Whether the court acted in a manner inconsistent with due process of law in approving the <u>distribution</u> of the notice.

It went out to a known subset this that by *Mullane* should have been U.S. mailed to the last address for mailing. U.S. Supreme Court case law appears to support when even that attempt obviously failed they were to try another method of personal notice they had at hand fact # 7 which as required by *Mullane* fact # 5 was the first method they should have proposed and acted out.

## Whether the court acted in a manner inconsistent with due process of law that deprived class members (at least) of the opportunity to be heard.

The may | should notice did not even mention they could appear or how - another type of access to the courts problem, another *Mullane* violation, an *Espinosa* violation facts ## 26 & 48. The person's response that indicated they would be willing to appear fact # 20 did not appear to be furthered by the class members' attorneys facts ## 22, 38 who touted their notice as "effective" fact # 34 and pressed for a finding of fairness due to their experience fact # 46 (not due to actual evidence it actually is fair). There seemed to be conflict of interest fact # 23. I believe if there is counsel there is right to effective assistance of counsel.

## Whether there is conflict of interest.

There is conflict of interest when class members' attorneys (a) do not accurately or well portray the importance of objection in a no opt out case; (b) do

not inform class members that they must elaborate on their objections Doc. 88-3;

(c) proceed to report to the judge that class members "provided no further

information" Decl. Doc. 101-2 ¶ 23, fact # 24; (d) just let the judge conclude,

"neither offered any argument or reasons" Amd. Final Order and Judgment Doc.

114 at 3, fact # 21 in order to get what the attorneys - from both sides - wanted;

and (e) oppose when someone tries to right the situation Resp. in Opp. Doc. 122.

The attorneys did not inform of right to file directly with the court and bypass

them Doc. 88-3. I detail conflicts in facts ## 21-24 and # 50. Counsel in this case

demonstrate they were named plaintiff's counsel (look at the 07/27/18 date Doc.

40 ¶ 8 and look at Doc. 40's filing date 08/07/18) in time to counter and get her a

stay or advise her how to do these things:  N.C.G.S. § 1A-1. Rules of Civil

Procedure Rule 60:  1 year to file, N.C. R. App. P. Rule 4(a)(2):  14 days to file a

notice of appeal, N.C. R. App. P. Rule 8(b):  fines or costs automatically stayed.

They may have lost a named plaintiff[16] but lo there were many from which to

choose. There is also the conflict of a class member attorney referring a non-

noticed class member to legal aid for assistance Doc. 125 ¶¶ 99-102, Doc. 122 at 3

footnote # 1.

---

16  and gained credibility on that point in this case

**Whether the attorneys constructively showed up for the class members.**

Zeal. Where is the zeal for the class members' interests? I showed just above and in my Rule 59(e) motion Doc. 128 at 3 & 4 how the attorneys appeared to be absent in their duties. Were the twenty attorneys just apparitions? The N.C.A.C. I quoted earlier all counts here. This case is a fine candidate for FRCP 60(b)(4). Only after a thorough review for that should it fall through and be caught by this FRCP 60(b)(6). Cases for (b)(6) are those from Doc. 128 at 4:

*Boughner v. Secretary of Health, Educ. & Welfare*, 572 F.2d 976 (3d Cir. 1978)

*United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977)

*In re Benhil Shirt Shops, Inc.*, 87 BR 275 (Bankr. S.D.N.Y. 1988)


Dated 21 December 2023.

Karen Klyman
General Delivery
Asheville, North Carolina 28802

## CERTIFICATE OF WORD COUNT

I certify that this brief complies with LR 7.3(d)(1): the word count of the body of

the brief, headings and footnotes does not exceed 6,250 words.

This the 21st day of December, 2023.

Karen Klyman
General Delivery
Asheville, North Carolina 28802

Service on parties' attorneys by electronic distribution by the court clerk.