```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

SETI JOHNSON, et al.,          )
                               )
          Plaintiffs,          )
                               )
     v.                        )
                               )
WAYNE GOODWIN, in his          )        1:18CV467
official capacity as           )
Commissioner of the            )
North Carolina Division        )
of Motor Vehicles,             )
                               )
          Defendant.           )

## ORDER

This case is before the court on several motions by non-party Karen Klyman, appearing pro se: "FRCP Rule 59(e) Motion"[1] (Doc. 128); "Motion to Order Parties to Use Mailing Address as Provided to Court" (Doc. 134); "Motion for Exemption of Pacer Fees" (Doc. 135); "FRCP 60(b)(4) | 60(b)(6) Motion" (Doc. 136); "Motion for Stay of Text Order 129" (Doc. 138); and "Motion for Stay of Text Order 130" (Doc. 139). Klyman has also filed an affidavit (Doc. 131), "Objections to Text Order 129" (Doc. 140), and "Objections to No 24/7 Electronic Filing: Text Order 130" (Doc. 141). Responses to various of these documents have been filed by Plaintiffs Marie Bonhomme-Dicks and Nichelle Yarborough (Doc. 142), and Defendant Wayne Goodman, Commissioner of the North

---

[1] Capitalization of the captions of Klyman's motions has been altered for ease of reading.

Carolina Division of Motor Vehicles (Docs. 132, 133, 143, 144, 145). For the reasons set out below, Klyman's motions are denied.

I. BACKGROUND

This lawsuit was filed on May 30, 2018, and, as amended, alleged certain due process violations in connection with the North Carolina Department of Motor Vehicles' revocations of drivers licenses based on North Carolina's procedures implemented by state courts for revoking or suspending driving privileges where drivers claim they are unable to pay fines and costs. (Docs. 1, 35.) On March 31, 2019, the court certified two classes – the "revoked class" (those whose driving privileges were revoked within the limitations period) and the "future revoked class" (those who privileges may be revoked). (Doc. 65.) After several years of litigation and hearings, including an appeal to the Fourth Circuit Court of Appeals, the parties negotiated a settlement, which they presented to the court on July 1, 2021. (Doc. 88.) The court reviewed and preliminarily approved the settlement on October 15, 2021 (Doc. 93), notice was made to the class members, and a fairness hearing was held on February 22, 2022. A final order and judgment approving the settlement was entered on March 3, 2022 (Doc. 113), which was followed by an amended final order and judgment on March 7, 2022 (Doc. 114).

Some fourteen months later, on May 15, 2023, Klyman filed the first of several motions. (Doc. 120 ("FRCP Rule 60 Motion for

2

Case 1:18-cv-00467-TDS-LPA   Document 146   Filed 03/06/24   Page 2 of 15

Changes").) Each sought to set aside this court's March 7, 2022, amended final order and judgment resolving this class action. In substance, Klyman contended that she is a member of the revoked class because she received a June 28, 2019 letter from the North Carolina Department of Motor Vehicles notifying her that her North Carolina driving privileges would be suspended effective 12:01 a.m. on August 27, 2019, for failure to pay a fine she was assessed on December 14, 2018. (Doc. 126 at 2.) As the Commissioner reports, Klyman's suspension was due to an order of a Florida court for her failure to pay a traffic-related fine in Florida, which the Commissioner honored. (Docs. 121 at 1-2, 121-1, 121-2.)

The court denied Klyman's motions procedurally and alternatively on the merits. (Doc. 127.) The court found that her motions violated this court's local rule requiring that a brief be filed in support of any motion. L.R. 7.3(a). And construing her motions liberally as seeking relief under Federal Rule of Civil Procedure 60(b), the court also explained that the motions lacked merit. (Doc. 127.)

Klyman then made a second attempt to set aside the court's final judgment by filing the present motion for relief under Federal Rule of Civil Procedure 59(e) on October 11, 2023 (Doc. 128), followed by a third attempt by filing her motion for relief under Rule 60(b)(4) and (b)(6) on December 27, 2023 (Doc. 136). In these motions, she seeks to raise essentially the same arguments

3

the court has previously rejected, but under different rules of civil procedure. The court considers Klyman's filings in turn.

## II. ANALYSIS

Klyman appears pro se, and her pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se plaintiff's filing does not require the court to ignore clear pleading defects in it, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or to "construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Under even this more liberal standard, her claims plainly fail.

### A. Rule 59 Motion

Her Rule 59(e) motion fails for two reasons. Procedurally, Klyman again failed to file a brief with it, as required by this court's local rule 7.3(a). Klyman objects to and seeks to stay the magistrate judge's rejection of her request for an extension of time to file a brief, contending essentially that she never consented to magistrate judge jurisdiction and was unaware that she did not need to wait for a ruling to file a proposed brief. (Docs. 138, 140.) After some eight weeks with no brief having

4

been filed, the magistrate judge denied the motion. (Text Order Dec. 12, 2023.)

As to the jurisdictional objection, magistrate judges have jurisdiction to enter non-dispositive rulings such as the motion for extension of time. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). Her objection on this basis is meritless. However, non-dispositive rulings of the magistrate judges are subject to review by the district court if objection is filed within 14 days. Fed. R. Civ. P. 72(a). Her objection filed December 29, 2023, was filed 17 days after the magistrate judge's December 12, 2023 text order, which is timely (given three days for mailing under the rule). However, it fails on the merits for two reasons. First, even assuming without deciding that Rule 59(e) applies, her underlying motion for relief is untimely, as a Rule 59(e) motion must be <u>filed</u> within 28 days of the judgment in question. Fed. R. Civ. P. 59(e). Klyman's Rule 59(e) motion was filed 30 days later. So, the failure to file a brief is immaterial. Second, the magistrate judge's ruling is neither clearly erroneous nor contrary to law. He acted within his discretion. Klyman's Rule 59(e) motion (Doc. 128) will therefore be denied, and her objection is overruled.

## B. Rule 60(b) Motion

Klyman's next motion seeks relief under Rule 60(b)(4) and (b)(6). (Doc. 136.) The court has previously liberally construed her prior motion as seeking relief under Rule 60(b) and denied it.

5

(Doc. 127.) Notably, Klyman did not specifically raise Rule 60(b)(4) or (b)(6) in her prior motion.

As the court noted previously, disposition of a Rule 60(b) motion lies in the sound discretion of the district court. McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (citing Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984)). Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). In order to obtain relief from a judgment under Rule 60(b), a moving party must show that the motion is timely, that she has a meritorious position, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). As to timeliness, a Rule 60(b) motion must be brought "within a reasonable time," and "the movant must make a showing of timeliness." McLawhorn, 924 F.2d at 538 (quoting Werner, 731 F.2d at 206). Any delay must be justified by a "satisfactory explanation." Central Operating Co. v. Util. Workers of Am., 491 F.2d 245, 253 (4th Cir. 1974). As to Rule 60(b)(1) through (3), the rule itself provides the limits of a reasonable time, requiring the motion to be filed within a year of judgment. Fed. R. Civ. P. 60(c)(1).

If the moving party makes such a showing, she must then

6

satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment. Park, 812 F.2d at 896. As pertinent here, Rule 60(b)(4) provides relief where "the judgment is void," and Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 596 U.S. 528, 533 (2022) (citation omitted). Even then, "the remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979) (quoting Ackermann v. United States, 340 U.S. 193, 202 (1950)).

Here, Klyman's Rule 60(b)(6) motion is plainly untimely. It comes more than 22 months after the court entered its amended final order and judgment. See McLawhorn, 924 F.2d at 538 ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay."); Clayton v. Ameriquest Mortg. Co., 388 F. Supp. 2d 601, 606 (M.D.N.C. 2005) (explaining that the "the Fourth Circuit has upheld denials of 60(b) motions that were filed as little as two and one-half months after entry of the judgment" and collecting cases). On the face of her materials, Klyman was aware of her complaints about her suspension and North Carolina's treatment of it as early as June

7

2019. The court entered its amended final judgment on March 7, 2022 (Doc. 114), and Klyman filed her motion on December 27, 2023 (Doc. 136).

Klyman's only explanation for her delay is her claim that she was not provided personal notice of the proposed settlement so she could have objected timely. (Doc. 120 at 1.) Plaintiffs and the Commissioner contend that this is irrelevant because she is not a member of either class certified in this case as her fine and costs were imposed by a court in Florida. (Doc. 133 at 5; Doc. 142 at 4.) As the court alluded to earlier (Doc. 127 at 6), this is correct. Plaintiffs' complaint challenged North Carolina's due process protections (or alleged lack thereof) for revocation of drivers licenses based on the imposition of fines and costs entered by North Carolina courts for violations of North Carolina motor vehicle laws. (See Docs. 1, 35.) The remedy sought related to providing notice as to how a class member could petition a North Carolina court to relieve him or her of the costs associated with the underlying conviction for a motor vehicle violation. As the Commissioner reports, Klyman's suspension was due to an order of a Florida court for her failure to pay fines and court costs in Florida, which order the Commissioner honored. (Docs. 121 at 1-2, 121-1, 121-2.) North Carolina has no authority to control or modify Florida's procedural steps for imposing or waiving fines for motor vehicle violations. As the Commissioner advised her in

2020, Klyman must petition a Florida court for that relief, if it is available. Here, North Carolina merely honored Florida's judicial decision as to Klyman as part of North Carolina's participation in the Driver License Compact. See N.C. Gen. Stat. § 20-4.4.

Even if she could be included within the classes here, Klyman has not shown any basis to set aside the judgment under Rule 60(b). The court previously denied her request pursuant to Rule 60(b)(6) as untimely, and she raises no ground to alter that ruling. (See Doc. 127.) Rule 60(b) is not a vehicle for seriatim attacks in an effort to persuade the court to change the result. United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982). Nor has she shown that her position is meritorious or that re-opening the case at this point would not prejudice the parties, all of whom object. The settlement has long been implemented. Should Klyman believe she had a claim, she was free to have brought it timely in her own action.[2] She cannot seek to re-open an action closed long ago to revive any stale claim she claims was available earlier.

Finally, Klyman argues that she should be granted relief under Rule 60(b)(4) on the contention that the court violated her due process rights because she was not provided personal notice of the

---

[2] Klyman does not claim that she refrained from seeking her own judicial relief because she relied on the pendency of this action to protect her rights. Indeed, she consistently claims to have been unaware of this action.

9

settlement so she could object. (Doc. 137.) She also argues that the court-approved notice of the settlement is defective in several ways relating to how a class member should lodge an objection. (Id.) These arguments all lack merit.

"An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 413 (4th Cir. 2005) (quoting Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)). The Fourth Circuit has stated that "[d]espite this seemingly broad statement," the court "narrowly construe[s] the concept of 'void' under Rule 60(b)(4) because of the threat to finality of judgments." Id.; cf. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (rejecting voidness argument where underlying notice satisfied due process requisite); Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992) (rejecting voidness argument where procedures comported with due process); McAdams v. Robinson, 26 F.4th 149, 157-58 (4th Cir. 2022) (discussing overlapping issues of adequate notice under Rule 23 and due process). Some courts have held that, unlike the other bases of Rule 60(b) that have a time requirement, a Rule 60(b)(4) motion may be brought at any time. See, e.g., Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998); Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002) (observing that other circuits have

10

concluded Rule 60(b)(4) "contains little, if any, time limit").

Klyman makes no argument that the court lacked subject matter or personal jurisdiction. Rather, she claims the amended order and judgment is void because it was entered in violation of due process because the court "acted in a manner inconsistent with due process of law in approving the content of the notice, . . . approving the distribution of the notice, . . . and depriv[ing] class members of the opportunity to be heard (at least)." (Doc. 137 at 1-2.) Plaintiffs and the Commissioner respond that Klyman is not a member of the class and therefore cannot raise these issues. (Doc. 133 at 5; Doc. 142 at 4.)

Klyman is not a member of the class, for the reasons noted. Therefore, there is no lack of notice defect <u>as to her</u> because she was never intended to be included in the action. As a member of the public not included in the class, she was treated like all other members of the public, who were not entitled to personal notice. Moreover, she cannot raise objections to notice - such as her challenges to the content of the notices and their distribution (e.g., criticizing the use of the terms "may" and "should") – on behalf of others.

Finally, even were she to have been included within the class, she fails to demonstrate that the court's manner of notice is

11

defective.[3]  Notice must simply be "reasonably calculated, under all the circumstances, to apprise [absent class members] of the pendency of the action and afford them an opportunity to present their objections."  McAdams, 26 F.4th at 157-58 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

Here, the proposed settlement and deadlines for objecting were delivered electronically to all class members for whom the Commissioner's counsel and Plaintiffs' counsel had or could find email addresses, publicized at www.ncdmvsettlement.org, which was hyperlinked on the website for the Department of Motor Vehicles ("DMV"), targeted in social media advertisements to North Carolina users based on various socio-economic factors, placed in a joint press release issued to the media, and posted in prominent high-traffic areas of the DMV headquarters and in each local DMV office throughout the state.  (Doc. 88-3 at 2-9.)  The notice explained that objections were due to be filed by January 13, 2022, nearly 24 months before Klyman filed her motion.  Klyman has not shown that this notice was constitutionally inadequate.  McAdams, 26

---

[3] Nor could the court have expanded the class to include Klyman, even had she objected timely to the settlement, because, as noted, her alleged due process deprivation, if any, occurred in Florida, and the North Carolina courts have no jurisdiction over the actions of Florida courts. Klyman also seems to fundamentally misunderstand the nature of this action.  She perceives the relief plaintiffs sought was "getting their licenses back in good stead, not merely inform them how – in theory – they could ultimately get their own license back."  (See Doc. 137 ¶ 52.)  This case brought a due process challenge, and Klyman's vision of relief was never contemplated by this action.

12

F.4th at 158 (affirming notice via email and postcard); 7B Fed. Prac. & Proc. Civ. § 1797.6 (Wright & Miller) (3d ed. 2023) (stating that "other approaches including the use of television, radio, the internet, and various print publications [] may be utilized" to provide notice); In re Apple Inc. Device Performance Litig., 50 F.4th 769, 779 (9th Cir. 2022) ("[N]either Rule 23 nor the Due Process Clause requires actual notice to each individual class member." (internal quotation marks omitted)). Klyman's contentions, even if she were able to raise them, lack merit.

### C. Remaining Motions and Objections

Klyman also moves for relief on two other grounds. First she asks the court to require the parties to send her documents in this case via U.S. Mail. (Doc. 134.) Because the record reflects that the parties have been doing so (at three separate addresses for Klyman) and no further relief is contemplated, this motion will be denied as moot. Second, she seeks to be relieved of the obligation to pay PACER fees for filings (Doc. 135) and objects to the magistrate judge's text order denying her request for permission to file documents electronically within the court's CM/ECF filing system (Doc. 141). The objection is timely, as it is just inside the 14-day window provided by Rule 72(a). However, the court denies her motion and overrules her objection as moot in so far as the case is closed and no further filings are contemplated.

13

The court has considered all of the other arguments raised by Klyman, including her request that the court make findings of fact and conclusions of law (Doc. 136), and finds them to be without merit.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED as follows:

1. Klyman's "FRCP Rule 59(e) Motion" (Doc. 128) is DENIED;

2. Klyman's "Motion to Order Parties to Use Mailing Address as Provided to Court" (Doc. 134) is DENIED AS MOOT both because the parties have been mailing her filings at three addresses for her and no further filings will be made as this case is CLOSED;

3. Klyman's "Motion for Exemption of Pacer Fees" (Doc. 135) is DENIED AS MOOT;

4. Klyman's "FRCP 60(b)(4) | 60(b)(6) Motion" (Doc. 136) is DENIED;

5. Klyman's "Motion for Stay of Text Order 129" (Doc. 138) and "Motion for Stay of Text Order 130" (Doc. 139) are DENIED;

6. Klyman's "Objections to Text Order 129" (Doc. 140) and "Objections to No 24/7 Electronic Filing: Text Order 130" (Doc. 141) are OVERRULED.

Having considered all of Klyman's arguments, they are all therefore DENIED.

**THIS CASE IS CLOSED.**

                                       /s/   Thomas D. Schroeder
                                    United States District Judge

March 6, 2024